Howard T. Hogan, J.
Motion to vacate and set aside the service of a summons and complaint upon a vice-president of the defendant corporation.
The defendant is a foreign corporation which, appearing specially on this motion, questions the validity of the service of process on an officer who resides in New York State. The summons and complaint were served on November 30, 1955. Prior thereto, a warrant of attachment was obtained in this court and a levy was made by the Sheriff of Nassau County upon personal property of the defendant within this county on November 28, 1955.
The papers submitted do not clearly sustain the defendant in its averment that it is not doing business within the State of New York. Assuming, however, that there were no doubt upon that issue — that in fact the defendant is not doing business in this State — the motion would nevertheless be denied.
The plaintiff contends that in obtaining a warrant of attachment, making a levy thereunder, and subsequently serving an officer upon whom service may be made, jurisdiction has been obtained to the extent of applying, in satisfaction of the plaintiff’s judgment, the property attached.
*895 The Civil Practice Act provides, in section 905, for service of process within 30 days after a warrant of attachment is granted. That service is either personal service upon the defendant or else substituted service, publication, or service “ without the state, as prescribed by law ”, Section 235 provides for service without the State on a nonresident defendant in any case specified in section 232, without an order of publication. The action herein comes within the provisions of subdivision 3 of section 232 — an action for a sum of money only in which a levy has been made under a warrant of attachment.
Had service been made on the resident officer without the State there is no question but that a judgment in rem would lie. Statutes should not be so construed as to lead to ridiculous results. The Legislature never intended to bar an in rem judgment by service within the State of process which would be effective if served without the State.
Accordingly, the motion is denied. Settle order on notice.